# United States District Court
# For The District of Columbia

|  |  |
|---|---|
| Actelion Pharmaceuticals Ltd. ) | |
| Gewerbestrasse 16 ) | |
| CH - 4123 Allschwil ) | |
| Switzerland ) | Civil Action No._____ |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HON. DAVID J. KAPPOS ) | |
| Under Secretary of Commerce for Intellectual ) | |
| Property and Director of the United States Patent ) | |
| and Trademark Office ) | |
| Office Of The General Counsel ) | |
| United States Patent And Trademark Office ) | |
| P.O. Box 15667, Arlington, VA  22215 ) | |
| Madison Building East, Room 10B20 ) | |
| 600 Dulaney Street, Alexandria, VA  22314 ) | |
| ) | |
| Defendant. ) | |

Description:  Administrative Agency Review

COMPLAINT

Plaintiff Actelion Pharmaceuticals, Ltd., by its undersigned attorneys, states the following for its complaint against the Honorable David J. Kappos (hereinafter "Kappos," "Director," or "Defendant") :

NATURE OF ACTION

1.      This is an action by the assignee of United States Patent No. 7,094,781 ("the '781 Patent," attached as *Exhibit A*), pursuant to 35 U.S.C. § 154 (b)(4)(A), 5 U.S.C. §§ 701-706, and the Fifth Amendment of the Constitution of the United States of America, seeking judgment that the patent term adjustment for the '781 Patent be 361 days, whereby the '781 patent will expire on May 22, 2024.

2.      This action arises under 35 U.S.C. § 154 (b)(4)(A), the Administrative Procedures Act, 5 U.S.C. §§701-706 and the Fifth Amendment of the Constitution of the United States of America.

THE PARTIES

3.      Plaintiff Actelion Pharmaceuticals Ltd., (hereinafter "Actelion") is a Limited Liability Company organized under the Laws of Switzerland, having a principal place of business at Gewerbestrasse 16, CH - 4123 Allschwil, Switzerland.

4.      Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity.  The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents.  The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154(b)(3).

JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action and is authorized to issue the relief sough pursuant to 28 U.S.C §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A); 28 U.S.C. §2201; and 5 U.S.C. § 701-706.

6.      Venue is proper pursuant to 35 U.S.C. § 154(b)(4)(A).

7.      This action is timely filed in connection with 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. § 701-706 by virtue of the doctrine of equitable tolling.

## BACKGROUND

8.      Martin Bolli, Christoph Boss, Walter Fischli, Martine Clozel and Thomas Weller are the inventors of the invention claimed in the U.S. Patent Application Serial No. 10/433,041 (the '041 Application") entitled "Sulfamides and their use as endothelin receptor antagonists," filing date of May 27, 2003, which issued as the '781 Patent on August 22, 2006.  A copy of the '781 Patent is attached as *Exhibit A*.

9.      Plaintiff Actelion is the owner of the '781 Patent, as evidenced by the assignment document recorded with the PTO at Reel/Frame 014606/0531 on May 27, 2003, in which the inventors assigned all rights, title and interest to Actelion, which is the real party in interest in this case.

10.     Section 154 of Title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of Section 154(b)(1) PATENT TERM GUARANTEES, which include: (A) GUARANTEE OF PROMPT PATENT AND TRADEMARK OFFICE RESPONSES and (B) GUARANTEE OF NO MORE THAN 3-YEAR APPLICATION PENDENCY, and are offset by: (C) REDUCTION OF PERIOD OF ADJUSTMENT.

11.     The Director issued United States Patent No. 7,094,781 on August 22, 2006, thus exceeding 3-year application pendency and triggering mandatory patent term adjustment under 154(b)(1)(B).  However, the Director and the PTO acting under his direction granted a patent term adjustment of 312 days under the 154(b)(1)(A) GUARANTEE OF PROMPT PATENT AND TRADEMARK OFFICE RESPONSES and granted no patent

term adjustment under 35 U.S.C. § 154(b)(1)(B) GUARANTEE OF NO MORE THAN 3-YEAR APPLICATION PENDENCY.  The Director thus delayed in issuing the patent beyond May 27, 2006 (the end of 3-year pendency period) for 87 days until August 22, 2006, yet failed to grant any patent term extension for "B-Delay."

12. In *Wyeth v. Dudas*, 580 F.Supp.2d 138 (D.D.C. 2008), this court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment.  The Court of Appeals for the Federal Circuit affirmed this Court's judgment on January 7, 2010.

13. As this Court found in Wyeth, the Director and the PTO under his direction systematically administered the mis-calculation of patent term adjustment under a now-discounted reading of the overlap provisions of 35 U.S.C. § 154 (b)(2).  In this analysis the Director routinely failed to accord proper patent term adjustment for the entire period of B Delay rather than properly deduct only those days of true overlap, that portion of A Delay which took place beyond the 3-year pendency and was therefore co-extensive with B-Delay.

14. The Director, despite the authoritative pronouncement of this Court and the Court of Appeals for the Federal Circuit, has not taken action to undue the effects of these documented past failures by the PTO to properly administer the granting of patent term adjustments as required under law.  This failure of the Director to properly act and undue the effects of the Director's past conduct contrary to law has had a material harmful effect on Plaintiff and other patent owners similarly situated.

15. Prior to the decision of the Court of Appeals for the Federal Circuit in *Wyeth,* any attempt to seek B-Delay overlap from the PTO would have been futile and would contravene established PTO policy. Thus, the decision of the Court of Appeals for the Federal Circuit in *Wyeth v. Dudas* constitutes a change in the law sufficient to invoke the doctrine of equitable tolling to allow for the filing of this complaint at this time.

Moreover, even now, the PTO is providing no administrative remedy whatsoever for correction of its prior miscalculation of patent term in older cases such as this.

16.     The Director's failure to implement any mechanism for the correction of patent term adjustment for Plantiff and others similarly situated constitutes Administrative misconduct which effected an unconstitutional taking without due process of law.  In the face of a holding that the PTO committed systematic clear error, the Director did not act to allow Plaintiff and others similarly situated an Administrative path to seek correction of the Director's error.  This failure to either correct its clear error *sua sponte* or create a mechanism for Plaintiff and others similarly situated to request correction means that correction is available only through this Court.

17.     In the alternative, Plaintiff prays that this Court regard the Director's failure post-*Wyeth* to issue effective regulations as directed by 35 USC §154(b)(3)(A) sufficient to allow patent holders one opportunity to correct these now-documented systematic errors of the PTO has worked an injustice sufficient for this Court to waive any requirement that Plaintiff take an as yet unavailable predicate act under USC § 154(b)(3) and instead consider a right of direct appeal under 35 U.S.C. §154(b)(4) to be triggered in this anomalous circumstance.

COUNT 1 -  Action for Adjustment of Patent Term under 35 U.S.C. § 154 (b)

18.     The allegations of paragraphs 1-17 are incorporated in this claim for relief as if fully set forth.

19.      United States Patent No. 7,094,781, assigned to Plaintiff, issued May 27, 2003 and the Director granted a Patent Term Extension of 312 days.  In calculating this period, the Director, and the United States Patent Office as a whole acting under his direction, applied the same flawed methodology as was rejected in the *Wyeth* decision.

20. The Director granted a patent term adjustment of 312 days which equates to the period of PTO "A Delay", 319 days, reduced by the period of Applicant "C Delay", 7 days. No patent term adjustment was granted for the period of PTO "B Delay" despite the passage of 87 days beyond 154(b)(1)(A)'s Guarantee of Three-Year Pendency prior to issuance of the '781 Patent.

21. In accordance with *Wyeth*, the correct patent term adjustment for the '781 patent is properly determined to be 361 days (PTO "A Delay": 319 + PTO "B Delay": 87) – (Overlap "A Delay" days that occur after 3 year pendency: 38) - (Applicant "C Delay": 7) = 361 days).

22. The '781 Patent is not subject to a terminal disclaimer, so the provisions of 35 USC § 154(b)(2)(B) do not apply and the full 361 days of patent term adjustment should be granted.

23. This Court's decision in Wyeth v. Dudas, as affirmed by The Court of Appeals for the Federal Circuit constitutes a change in the law sufficient to invoke the doctrine of equitable tolling to allow for the filing of this complaint at this time.

24. The Director's determination that the '781 Patent is entitled to 312 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, clear error or otherwise not in accordance with law and in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

COUNT 2 – Administrative Procedures Act

25. The allegations of paragraphs 1 – 24 are incorporated in this claim for relief as if fully set forth.

26. The United States Patent and Trademark Office is an agency of the United States government. Judicial review of PTO action is not precluded and is expressly permitted

by statute. The calculation of patent term is determined by statute and is not committed to the PTO's discretion.

27. Actelion as assignee of the '781 patent, has suffered legal wrong because of the PTO's actions in miscalculating the term of the '781 patent and failing to provide an adequate remedy for correction of such miscalculation. Actelion is and has been adversely affected and aggrieved by such actions. There is no adequate remedy available to Plaintiff, either administratively through the PTO or in any other forum, other than this Court.

28. The conduct of the PTO in miscalculating the term of the '781 patent and then failing and refusing to provide an adequate remedy for correction of such miscalculation is

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence; and
> (F) unwarranted by the facts.

COUNT 3 – United States Constitution

29. The allegations of paragraphs 1-28 are incorporated in this claim for relief as if fully set forth.

30. The PTO's failure to accord the statutorily mandated term to the '781 patent, effectively dedicating a portion of the term of that patent to the public, constitutes an arbitrary and unjustified deprivation and taking of a property right established by Article I, Section 8, of the United States Constitution and secured by the Fifth Amendment of the United States Constitution, which provides in relevant part that no person shall be "deprived of . . . property, without due process of law; nor shall private property be taken for public use, without just compensation."

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Actelion Pharmaceuticals Ltd., requests that this Court grant relief as follows:

(A) An Order declaring that the correct period of the patent term adjustment for the '781 Patent to 361 days, whereby the '781 Patent expires on May 22, 2024, and setting aside the prior determination of the PTO;

(B) An Order compelling the Director forthwith to change the period of the patent term adjustment for the '781 Patent to 361 days, whereby the '781 Patent expires on May 22, 2024 and compelling the Director to extend the term of the '781 Patent to reflect the 361 day patent term adjustment.

(C) An Order compelling the Director forthwith to establish a procedure to permit correction of the improper calculation of patent terms resulting from the PTO's incorrect interpretation of 35 U.S.C. § 154 (b) prior to the decision of the Court of Appeals for the Federal Circuit affirming this Court's decision in *Wyeth v. Dudas.*

(D) An award of the Plaintiff's reasonable attorneys' fees, expenses and costs of suit, in accordance with 28 U.S.C. §2412, 35 U.S.C. §285, and other applicable law;

(E) Such other and further relief as the nature of this case may admit or require and as may be just and equitable.

Dated: July 6, 2010                                    Respectfully submitted,

/s/ Thomas Hoxie by Arthur Yang_____

Thomas Hoxie
District of Columbia Bar No. 15366
Attorney for Actelion Pharmaceuticals Ltd.
Hoxie and Associates, LLC
75 Main Street
Millburn, New Jersey 07419
(973) 912-5232
(973) 912-5236 (fax)
Email: tom@hoxpat.com.