## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**ACTELION PHARMACEUTICALS LTD.,**            )
                                              )
    **Plaintiff,**                             )
                                              )
v.                                            )   Civil Action No. 10-1145 (RJL)
                                              )
**HON. DAVID J. KAPPOS,**                     )
    **Under Secretary of Commerce for**       )
    **Intellectual Property and Director of the** )
    **United States Patent and Trademark Office,** )
                                              )
    **Defendant.**                             )
_____)

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), Defendant, Hon. David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("Defendant" or "USPTO"), hereby responds to the Complaint of Actelion Pharmaceuticals Ltd. ("Plaintiff") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE[1]

Plaintiff's civil action is untimely under 35 U.S.C. § 154(b)(4)(A).

Using the same numbering contained in the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

---

[1] Defendant reserves the right to affirmatively assert any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

# NATURE OF ACTION[2]

1. This paragraph contains plaintiff's characterization of its case, as to which no response is required.

2. This paragraph contains plaintiff's characterization of its case, as to which no response is required.

# THE PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and so denies them.

4. Admit.

# JURISDICTION AND VENUE

5. This paragraph contains conclusions of law, as to which no response is required. To the extent a response to these allegations is required, Defendant denies them.

6. Admit.

7. Deny.

# BACKGROUND

8. Defendant admits that Martin Bolli, Christoph Boss, Walter Fischli, Martine Clozel and Thomas Weller are named as the inventors on the face of U.S. Patent 7,094,781 ("'781 patent"), entitled "Sulfamides and Their use as Endothelin Receptor Antagonists," which issued from U.S. Patent Application 10/433,041 on August 22, 2006. Defendant denies that a copy of the '781 patent was attached to the Complaint.

9. Admit.

---

[2] The headings in this Answer are included solely for ease of reference. Defendant does not respond to any allegations contained in the headings that appear in Plaintiff's Complaint. To the extent a response to those allegations is required, Defendant denies them.

10. Deny and refer the Court to 35 U.S.C. § 154(b)(1), which speaks for itself.

11. Defendant admits that the '781 patent issued with a patent term adjustment of 312 days appearing on the face of the patent. Defendant further admits that the date of issuance of the patent exceeded three years after the filing date by 87 days. Defendant admits that prior to the decision in <u>Wyeth</u> v. <u>Dudas</u>, 580 F. Supp. 2d 138 (D.D.C. 2008) ("<u>Wyeth I</u>") aff'd sub. nom. <u>Wyeth</u> v. <u>Kappos</u>, 591 F.3d 1364 (Fed. Cir. 2010) ("<u>Wyeth II</u>"), patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court.

12. Defendant admits that prior to the decisions in <u>Wyeth I</u> and <u>Wyeth II</u>, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the courts.

13. Defendant admits that prior to the decisions in <u>Wyeth I</u> and <u>Wyeth II</u>, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the courts. Defendant denies all other allegations contained within this paragraph.

14. Deny.

15. Deny.

16. Deny.

17. This paragraph constitutes a prayer for relief, to which no response is required. Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT 1 – Action for Adjustment of Patent Term under 35 U.S.C. § 154(b)**

18. Defendant repeats and incorporates herein its responses to paragraphs 1 through 17 above.

19. Defendant denies the allegations contained in the first sentence of this paragraph and avers that the '781 patent issued on August 22, 2006 with a patent term adjustment of 312 days appearing on the face of the patent. In response to the allegations contained within the second sentence of this paragraph, Defendant admits that prior to the decisions in Wyeth I and Wyeth II, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the courts. Defendant denies the allegations contained within the remainder of this paragraph.

20. Defendant admits that the '781 patent issued with a patent term adjustment of 312 days appearing on the face of the patent. Defendant denies the allegations contained within the remainder of this paragraph.

21. Defendant admits that prior to the decisions in Wyeth I and Wyeth II, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the courts. Defendant denies the allegations contained within the remainder of this paragraph.

22. Defendant admits that the '781 patent is not subject to a terminal disclaimer, but denies the allegations contained within the remainder of this paragraph.

23. Deny.

24. Deny.

## Count 2 – Administrative Procedures Act

25. Defendant repeats and incorporates herein its responses to paragraphs 1 through 24 above.

26. Defendant admits the allegations contained within the first sentence of this paragraph. The remainder of this paragraph contains conclusions of law, as to which no response is required. To the extent a response to these allegations is required, Defendant denies them.

27. In response to the allegations contained within the first sentence of this paragraph, Defendant admits that Plaintiff is the assignee of the '781 patent. The remainder of this paragraph contains conclusions of law, as to which no response is required. To the extent a response to these allegations is required, Defendant denies them.

28. Deny.

### Count 3 – United States Constitution

29. Defendant repeats and incorporates herein its responses to paragraphs 1 through 28 above.

30. Deny.

### PRAYER FOR RELIEF

The remainder of the complaint contains plaintiff's prayer for relief, as to which no response is required. Defendant denies that plaintiff is entitled to any relief.

### DEFENDANT'S PRAYER FOR RELIEF

Defendant requests that this case be dismissed as untimely.

*******

Defendant denies every allegation contained in the Complaint not specifically admitted herein.

            Respectfully submitted,

            RONALD C. MACHEN JR., D.C. Bar # 447889
            United States Attorney
            for the District of Columbia

            RUDOLPH CONTRERAS, D.C. Bar # 434122
            Chief, Civil Division

BY:   /s/
            MITCHELL P. ZEFF, D.C. Bar #494066
            Assistant United States Attorney
            United States Attorney's Office
            555 4th Street, N.W.
            Washington, D.C. 20530
            Phone: (202) 514-7352
            Fax: (202) 514-8780
            mitchell.zeff@usdoj.gov

Of Counsel:
Raymond T. Chen, Solicitor
Benjamin D. M. Wood
Thomas V. Shaw
Joseph G. Piccolo
Associate Solicitors
United States Patent and Trademark Office