UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD., ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Case No. 10-1145 (RJL) |
| ) | |
| DAVID J. KAPPOS, ) | |
| ) | |
| **Defendant** ) | |

RESPONSE TO ORDER DATED JANUARY 24, 2012 AND MOTION FOR STAY

Plaintiff, Actelion Pharmaceuticals Ltd., responds to the Order of the Court dated January 24, 2012, and respectfully requests that this case be stayed pending the outcome of *Novartis AG v. Kappos*, Civil Action No. 10-1138 (ESH), a case pending before this Court which addresses issues very similar to the instant case.

1. This action seeks correction by the United States Patent and Trademark Office (USPTO) of the term of United States Patent No. 7,094,781, assigned to Plaintiff (the '781 patent). As is undisputed, prior to the decision in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), *aff'd sub. nom. Wyeth v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010), the USPTO determined patent term adjustments under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the Federal Circuit's interpretation in *Wyeth*.  See, Defendant's Answer, paragraphs 11-14.  Subsequent to the Federal Circuit's decision in *Wyeth*, the USPTO established a procedure for correction of patent term in accordance with *Wyeth*, but this procedure was not available for earlier issued patents, like the '781 patent.  Plaintiff filed suit within 180 days of the *Wyeth* decision, 180 days from issuance being the normal period for filing suit under 35 U.S.C. §154(b)(4) to correct patent term, in order to assert and preserve its rights in this case and avoid being barred by laches.

2. Plaintiff notes that the issues presented are entirely legal issues, there being no significant dispute as to the relevant facts or any need for discovery.  Plaintiff respectfully submits that this case is exempt under Local Civil Rule 16.3(b) from the initial disclosure and Rule 26(f) requirements.  Plaintiff seeks review and correction of an administrative record, specifically the USPTO's calculation of the expiry date of a patent.

3. Plaintiff and Plaintiff's counsel respectfully apologize for the lack of activity in this case. Plaintiff submits, however, that the Defendant has not been prejudiced by any delay, and that dismissal of the case without addressing resolution of the issues presented would be unjust.

4. Although several suits were filed in this Court at about the same time, based on similar facts and seeking similar relief, as far as Plaintiff is aware, none of these suits appear to have progressed significantly faster than this case. The basic issue of whether suits to correct patent term under the *Wyeth* rule which are filed more than 180 days after issuance of the patent are barred under 35 U.S.C. §154(b)(4), or whether that period was equitably tolled due to the lack of an effective remedy prior to *Wyeth,* remains unresolved. Plaintiff believes that the case of *Novartis AG v. Kappos*, Civil Action No. 10-1138 (ESH), presents issues very similar to those presented in this case. The parties in the *Novartis* case have been ordered to propose a briefing schedule in that case by March 2, 2012.

5. Plaintiff respectfully requests that this case be stayed pending the outcome of the *Novartis* case. The rulings in that case would likely narrow or resolve the issues in this case. A brief stay would therefore conserve the resources of the parties and the Court, and help "secure the just, speedy, and inexpensive determination" of this action. *See,* Fed.R.Civ.P. 1.

6. In the alternative, if this request is denied, Plaintiff respectfully requests that the Court set, or permit the parties to propose, a schedule for filing and briefing dispositive motions.

7. A proposed form of Order is submitted herewith.

Respectfully submitted,

February 23, 2012                          /s/ Thomas Hoxie

                                      Thomas Hoxie, D.C. Bar No. 15366
                                      Attorney for Actelion Pharmaceuticals Ltd

                                      Hoxie and Associates, LLC
                                      75 Main Street
                                      Millburn, New Jersey 07419
                                      (973) 912-5232
                                      (973) 912-5236 (fax)
                                      Email: tom@hoxpat.com.

.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACTELION PHARMACEUTICALS LTD., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>DAVID J. KAPPOS, )<br>)<br>Defendant ) | Civil Case No. 10-1145 (RJL) |

(PROPOSED) ORDER

Upon motion by the Plaintiff and for good cause shown, it is hereby ORDERED that the Plaintiff's Motion for Stay is GRANTED, and that this case shall be stayed pending a final decision in *Novartis AG v. Kappos*, Civil Action No. 10-1138 (ESH).

SO ORDERED, this _____ day of _____, 2012.

_____
RICHARD J. LEON
United States District Judge

4